ALMON, Justice.
This appeal is from a judgment awarding damages against two architects who, at the time of the acts complained of, were partners in an architectural firm, Donnell & Froom. Donnell & Froom was the architect for a school building built by the Baldwin County Board of Education (“the Board”). James H. Adams & Son Construction Company, Inc. (“Adams Construction”), was the contractor on the project responsible for preparing the site for construction. Adams Construction failed to compact the fill material to the proper degree and was required to excavate and reeompact the fill material. Adams Construction filed an action against the Board, Donnell & Froom, and others, to recover the balance due it on the contract and the amount of its additional expenditures in excavating and recompacting the fill material. The Board counterclaimed against Adams Construction because it had been required to pay the construction contractor $18,029 under a change order caused by the delay in obtaining the proper soil compaction. The Board also cross-claimed against Donnell & Froom. A jury awarded Adams Construction $11,176 against the Board and $30,000 against Donnell & Froom, returned a verdict for Adams Construction on the Board’s counterclaim, and awarded the Board $6,853 against Donnell & Froom on the cross-claim. The trial court entered a judgment on the verdicts.
Donnell & Froom appealed, but the Board did not. During the pendency of the appeal, Adams Construction settled its claim with Donnell & Froom. Donnell & Froom filed a motion to dismiss its appeal from the portion of the judgment in favor of Adams Construction, and this Court granted that motion. Thus, the only aspect of the case that is now before us is the Board’s judgment on its cross-claim against Donnell & Froom.
Donnell & Froom argues that .the trial court erred in denying its motion for a directed verdict against the Board and, subsequently, in denying its motion for JNOV. The cross-claim simply alleged that Donnell & Froom had been employed by the Board as architect and that the firm “will be liable to the Board for all or a part of the claim asserted in this action against the Board.” The Board’s cross-claim against Donnell & Froom sought recovery of any damages rendered against the Board on the complaint, and sought compensation in the event its counterclaim against Adams Construction was defeated, if either loss came “as the result of any action or omission to act on the part of Donnell & Froom.”
The judgment against the Board was for a portion of the contract amount due Adams Construction. When the improper soil compaction was discovered, the Board retained the final payment that was due to Adams Construction, $11,176. The jury awarded that amount against the Board *1160 and, thereby, found that Adams Construction was due the retained amount. We note that the amount of the verdict against Donnell & Froom on the cross-claim, $6,853, is the difference between the change order amount, $18,029, and the re-tainage amount, $11,176.
The jury’s verdict for the Board on the cross-claim cannot stand, however, because of the manner in which the trial court submitted that claim to the jury. Adams Construction’s claim against Donnell & Froom was submitted to the jury under the theory that Donnell & Froom, in spite of having no contractual duty to do so, voluntarily undertook to review the soil compaction tests. The court instructed the jury that the basis for Adams Construction’s claim against Donnell & Froom was “not negligence as an architect,” but simple negligence. The trial court carefully instructed the jury that the Board could recover on its cross-claim, however, only pursuant to the contract, and that, therefore, the basis for recovery against Donnell & Froom could only be that it had failed to meet the standard of care that “a reasonably prudent architect would have exercised under the same or similar circumstances.” The court also limited the cross-claim to the approval of the change order:
“[I]n the Board of Education’s cross-claim, it alleges that Donnell & Froom negligently, as architects, approved change order number one and that as a proximate result of the negligent approval or recommendation to the Board of change order number one, it suffered damage.
[[Image here]]
“Now, with respect to the claim of negligence made by the Board of Education against Donnell & Froom in the cross-claim, there is a different legal duty imposed in this case. And the legal duty that is alleged in the Board of Education’s cross-claim, and it’s further alleged that the defendants, Donnell & Froom, breached that duty, is the legal duty owed by architects to the owner of the project to be constructed. And in order for the Board of Education to recover on its cross-claim against Donnell & Froom, you must be reasonably satisfied from the evidence that Donnell & Froom breached the legal duty....
“And the legal duty owed by the defendants, Donnell & Froom, to the Board of Education, under the law of Alabama, was to exercise the degree of care, skill, and diligence used by architects generally with regard to ... the recommendation of payments under change orders.”
Donnell & Froom argues that, to prove that this standard of care was breached, the Board was required to submit expert testimony by a qualified architect and that the Board did not submit any such evidence. William T. Donnell, one of the partners in the architectural firm, testified that he reviewed the documents supporting the change order and satisfied himself that they were “reasonable and in line.” Ray Froom, the other architect, testified that he “at all times adhere[d] to accepted architectural practice.” Adams Construction’s attorney examined Donnell in detail about items in the change order, but presented no evidence regarding the standard of care to be exercised by a reasonably prudent architect under the circumstances.
This Court stated the following in Watson, Watson, Rutland/Architects, Inc. v. Montgomery County Bd. of Educ., 559 So.2d 168, 173 (Ala.1990):
“[A]n architect is a ‘professional,’ and we are of the opinion that expert testimony was needed in order to show whether the defects here should have been obvious to the Architect during the weekly inspections. Just as in cases dealing with an alleged breach of a duty by an attorney, a doctor, or any other professional, unless the breach is so obvious that any reasonable person would see it, then expert testimony is necessary in order to establish the alleged breach.”
The Board does not respond to Donnell & Froom’s argument that it was entitled to a directed verdict or a JNOV on the cross-claim because of the lack of any expert testimony to the effect that Donnell & Froom’s conduct fell below the applicable standard of care. In essence, the Board *1161 simply argues that its judgment is due to be affirmed if Adams Construction’s judgment against Donnell & Froom is affirmed. Because the two claims against the architects were submitted to the jury on different theories, this argument does not provide a basis for affirming the judgment on the cross-claim. We have reviewed the evidence and cannot say that the approval of the change order was so obviously beneath the standard of care that no expert testimony was required. Therefore, the trial court’s denial of the motion for JNOV is due to be, and it is hereby, reversed, and a judgment is rendered for Donnell & Froom on the cross-claim.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.